UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA BATZ<br>214 Weyburn Street<br>Myrtle Beach, SC 29579<br><br>   Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF<br>NORTH AMERICA<br>1601 Chestnut Street<br>Philadelphia, PA 19192,<br><br>   Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:  Civil Action No.:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiff, Cynthia Batz, hereby brings this civil action against Defendant Life Insurance Company of North America (hereinafter "Defendant LINA") and states as follows in support thereof:

### NATURE OF ACTION

1. This case involves a claim for long term disability benefits under the employee welfare benefit plan ("the Plan") of Reading Hospital Corporation, which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Plaintiff seeks recovery of benefits under the Plan pursuant to 29 U.S.C. § 1132(a)(1)(B). The Plain is insured and administered by Defendant LINA.

### JURISDICTION AND VENUE

2. This court has jurisdiction over the issues raised herein pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

1

3. Venue is proper in the Eastern District of Pennsylvania. *See* 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b).

4. ERISA provides a mechanism for administrative or internal appeal of benefits denials. *See* 29 U.S.C. §1133. Those mandatory avenues of appeal have been exhausted in this case; therefore, this civil action has been properly filed in federal court.

## PARTIES

5. Plaintiff, Cynthia Batz, is an adult individual currently residing in Myrtle Beach, South Carolina.

6. Defendant LINA is a business entity with its principal place of business in Philadelphia, Pennsylvania, located in the Eastern District of Pennsylvania.

7. At all times relevant, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1).

8. At all times relevant, Defendant LINA insured the Plan and was responsible for making claim determinations.

9. As an employee of Reading Hospital and Medical Center, Plaintiff received coverage under the Plan as a "participant" as defined by 29 U.S.C. § 1002(7).

## CLAIM FOR BENEFITS

10. Plaintiff, Cynthia Batz, was an active, full-time employee of Reading Hospital and Medical Center through March 2, 2010, when she became disabled.

11. Prior to her date of disability, Ms. Batz had been employed by Reading Hospital and Medical Center as a Patient Care Aide.

12. Ms. Batz stopped working on March 2, 2010 due to the severity of her physical impairments including but not limited to: Cervical Degenerative Disc Disease, Osteoarthritis,

Organic Brain Syndrome, Multiple Sclerosis, Cerebral Trauma, Neurocognitive defects including gait disturbance, Migraine headaches, Affective disorders, and Fibromyalgia.

13. Ms. Batz has remained out of work due to the severity of her disabling impairments since March 2, 2010.

14. Following the date she stopped working, Ms. Batz claimed long term disability (hereinafter "LTD") benefits under the Plan.

15. Defendant LINA found Ms. Batz "Disabled" from her regular occupation as a Patient Care Aid and began paying monthly benefits as of May 31, 2010.

16. Defendant terminated Plaintiff's claim for benefits on January 3, 2012, effective January 13, 2013.

17. Defendant stated in its termination that the medical evidence failed to support an ongoing functional impairment precluding Plaintiff's former work as a Patient Care Aide.

18. On June 29, 2012 Plaintiff properly appealed Defendant's termination of benefits in accordance with 29 U.S.C. § 1133.

19. On November 13, 2012, Defendant informed Plaintiff that it had requested a peer review of the medical evidence.

20. On February 13, 2013, Defendant reversed its termination of benefits and reinstated Plaintiff's LTD benefits under the Plan's "Any Occupation" definition of Disability.

21. According to the Plan, after disability benefits have been payable for 24 months, "Disability" is defined as, due to Injury or Sickness, that the insured is:

> 1. unable to perform all the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; or
>
> 2. unable to earn 80% or more of his or her Indexed Covered Earnings.

3

22. Defendant LINA paid Ms. Batz' long term disability benefits in recognition of her "Disability" from "any occupation" from May 31, 2012 through June 26, 2014.

23. Mary Difatta, a nurse case manager for Defendant LINA, opined in October of 2013 that, "Due to progressive [Multiple Sclerosis][sic] and comorbidities of Psych issues it is highly unlikely [claimant][sic] would be able to work in a functional capacity."

24. In a June 30, 2014 decision, Defendant again terminated Plaintiff's claim for benefits effective June 26, 2014 with additional payment being made through July 25, 2014.

25. Defendant LINA wrongfully and unreasonably terminated Ms. Batz' long term disability benefits absent any notable improvement in her multiple medical conditions.

26. Plaintiff filed a timely appeal of Defendant LINA's June 2014 termination of benefits on December 23, 2014.

27. On appeal, Ms. Batz submitted voluminous medical documentation, multiple medical opinions, and other information supporting her inability to perform all the material duties of any occupation.

28. Included in Plaintiff's appeal was the medical source statement of treating neurologist, Dr. Michael McCaffrey, who opined that Ms. Batz suffers from significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movement, or gait and station, due to multiple sclerosis.

29. Dr. McCaffrey also opines that Ms. Batz' experiences significant reproducible fatigue due to multiple sclerosis.

30. Dr. McCaffrey assigned restrictions and limitations consistent with an inability to perform the material duties of any occupation due to Ms. Batz' disabling symptoms resulting from her multiple sclerosis diagnosis.

31. Dr. McCaffrey consistently opined that Ms. Batz was not capable of any occupation, including sedentary work requiring only minimal activity.

32. In an April 9, 2015 decision letter, Defendant LINA upheld its June 2014 decision to terminate benefits.

33. Defendant LINA abused the Plan's grant of discretionary authority and failed to conduct a full and fair review of Ms. Batz' LTD claim.

34. Defendant LINA ignored and/or minimized the favorable medical evidence establishing "Disability" from any occupation beyond June 26, 2014.

35. Defendant LINA did not order an independent medical examination.

36. Per the Plan, Defendant LINA had discretion to order an independent medical examination.

37. Defendant LINA did not order a functional capacity evaluation.

38. Per the Plan, Defendant LINA had discretion to order a functional capacity evaluation.

39. Defendant LINA's April 9, 2015 denial letter advises Ms. Batz of her right to file a lawsuit.

40. Ms. Batz exhausted the Plan's mandatory administrative remedies, and this matter is now ripe for judicial review.

41. The determination by Defendant LINA that Ms. Batz is not totally disabled is contrary to the medical evidence of record and has no rational support in evidence.

42. The determination by Defendant LINA that Ms. Batz is not totally disabled is contrary to the definition of disability and the terms of the subject LTD Plan.

43. Defendant LINA failed to fully and fairly evaluate Ms. Batz's claim.

44. Defendant LINA's determination to terminate Ms. Batz's long term disability benefits effective June 26, 2014 was arbitrary and capricious.

45. As a direct and proximate result thereof, based on the evidence submitted to Defendant LINA establishing that Ms. Batz met the Plan's definition of "Disability" continuously beyond June 26, 2014, Plaintiff is entitled to payment of monthly benefits retroactive from July 26, 2014, the date through which benefits were paid, through present. These benefits should be continued as long as Plaintiff remains disabled in accordance with the terms of the Plan.

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against Defendant; and

B. That the Court order Defendant to pay disability to Plaintiff in an amount equal to the contractual amount of benefits to which Plaintiff is entitled; and

C. That the Court order Defendant to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment; and

D. That the Court award Plaintiff attorney's fees pursuant to 29 U.S.C. § 1132(g); and

E. That Plaintiff recover any and all other relief to which she may be entitled, including but not limited to remand to Defendant LINA for further administrative proceedings, as well as the costs of suit.

Respectfully submitted,

By: _____
Joseph Capitan, Esq. 307043
Martin Law
1818 Market Street, 35th Floor
Philadelphia, PA 19103
p: 215.587.8400
f: 267-765-2031
jcapitan@paworkinjury.com
*Attorney for Plaintiff, Cynthia Batz*